PITTMAN *v.* ROAD IMPROVEMENT DISTRICT No. 1 OF NEVADA COUNTY.

Opinion delivered January 17, 1921.

1.  HIGHWAYS—RIGHT TO APPEAL FROM ORDER REFUSING TO TERMINATE DISTRICT.—Under 1 Road Laws 1919, No. 130, § 22, creating Road Improvement District of Nevada County No. 2, and authorizing the county court to terminate the existence of Road Improvement District No. 1 of Nevada County, and providing for an appeal from that court's order within a specified period, the secretary of district No. 1 had no right to appeal from an order refusing to terminate the district; the right of appeal existing in the board itself or in the taxpayers of the district.

2.  HIGHWAYS—AUTHORITY TO TERMINATE DISTRICT NOT MANDATORY.— Under 1 Road Laws 1919, No. 130, § 22, creating Road Improvement District No. 2 of Nevada County, providing that the county court is "authorized" to terminate the existence of Road Improvement District No. 1, created by Acts 1915, No. 338, but that, on the court's failure to terminate its existence, such district should continue to exist, and the proceedings of its commissioners and assessors shall not be affected by the act creating district No. 2, *held* the power vested in the county court was a sound discretionary one, and, in the absence of abuse, its exercise will not be disturbed on appeal.

Appeal from Nevada Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*H. B. McKenzie,* for appellants.

1.   It was mandatory upon the county court under § 22, act 130, Acts 1919, to terminate Road Improvement District No. 1 when the commissioners of district No. 2 filed a statement with the county court in accordance with § 22, act No. 130, Acts 1919.

2.   The court erred in dismissing the appeals from the judgment of the county court. 88 Ark. 118; 73 *Id.*

523 and 246; 215 S. W. 600. The right of appeal is thoroughly established by the decisions of our court. 33 Ark. 568; 43 *Id.* 324; 54 *Id.* 321. As to whether a statute ·is mandatory or not, the legislative intent governs. A. & E. Ann. Cases 1916 ·C, page 391. It was never intended by the Legislature that the commissioners should go to the trouble and expense of organizing the district, hiring an engineer and assistants, preparing plans and specifications, filing same and assessing benefits and complying with other provisions of the act, and that after all this that the county court should make an order refusing to terminate district No. 1. 42 Ark. 46.

The word "authorized" in a statute is mandatory and imperative and not permissive. 51 N. Y. 401; 194 Fed. 775-81; 137 N. C. 579; 50 S. E. 291, 295; 134 Ga. 758; 68 S. E. 716, 723; 95 Md. 62; 93 Am. St. 317-323; 98 Ark. 505. Applying these principles, it was the purpose of the act to build a highway, and the act is valid. 218 S. W. 381. See, also, 50 S. W. 291; 98 Ark. 505; 4 Wall. (U. S.) 435; 5 *Id.* 705; 3 Hill 612; 46 N. Y. 401; 51 *Id.* 401; 130 Ill. 482; 36 S. W. 681; 38 *Id.* 80.

*J. O. A. Bush*, for appellee.

1. A bill of exceptions can not be signed on Sunday. It is a judicial act and can not be done on Sunday without statute authority. Kirby's Digest, § 1487; 88 Ark. 118; 90 *Id.* 316; 85 *Id.* 304.

2. The appeal of district No. 1 was properly dismissed. Tompkins could not appeal, as he was not a party to the suit. 52 Ark. 99; 71 *Id.* 84.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Nevada County, refusing to terminate Road Improvement District No. 1 of said county, which had been organized under act 338, Acts of the Legislature of 1915. The proceeding for the termination of said road improvement district was begun on the 30th day of January, 1920, in the county court of said county, by statement filed by Road Improvement District No. 2 of Nevada County, conforming to the requirements

of section 22, act 130 of the Acts of the General Assembly of 1919, which is as follows:

"If the commissioners and the county court find that it is feasible, practicable and desirable to construct sections 1 and 3 of the roads, as provided for in this act, and shall file the plans therefor with the county clerk, as provided in this act, or shall make the assessment of benefits in said sections 1 and 3, and said assessment of benefits in each of these sections shall be sufficient to complete the improvement in each, and this act and the said assessment of benefits shall not be held invalid, and the commissioners are ready to let the contract for the construction of the improvements in each of sections 1 and 3, they shall file a statement to this effect with the county court, and the county court is thereupon authorized to enter an order terminating the existence of Road Improvement District No. 1 of Nevada County. Appeals from such order shall be taken within thirty days after its entry, and not thereafter. If the county court does not enter an order terminating the existence of said Road Improvement District No. 1, as herein provided, then its existence and the proceedings of its commissioners and assessors shall not be affected by this act, but they may proceed to make the improvements in their district, under the provisions of the law under which said Road Improvement District No. 1 was created.

"It is found and hereby declared that the surveys, plans and other expenses incurred by said Road Improvement District No. 1 produced results that will inure to the benefit of sections 1 and 3 of the respective roads and the respective territory set forth in this act, and, in the event the existence of Road Improvement District No. 1 shall be terminated, as herein provided, the said sections 1 and 3, created under this act, shall assume and pay each one-half of such expenses and other indebtedness."

On the 19th day of February, 1920, a remonstrance was filed by appellee, who owned lands and were taxpayers in both road improvement districts, against the termination of said Road District No. 1 under the statement

filed by the president and secretary of said Road Improvement District No. 2. The remonstrance controverted the facts set forth in said statement. On the 27th day of March, 1920, the county court entered an order refusing to terminate said Road Improvement District No. 1, from which judgment Dan Pittman, for said Road Improvement District No. 2, and W. V. Tompkins, as secretary for Road Improvement District No. 1, prosecuted an appeal to the circuit court of said county within the time prescribed by law. In the circuit court, motions were filed to dismiss each appeal. The circuit court dismissed the appeal of W. V. Tompkins for Road Improvement District No. 1, and refused to dismiss the appeal for Road Improvement District No. 2. The cause was then submitted to the court, which resulted in the judgment from which this appeal was prosecuted by said Road Improvement District No. 2. As we understand the record, no appeal from the judgment of the circuit court, dismissing the appeal taken by W. V. Tompkins from the county court, for said Road Improvement District No. 1, has been prosecuted to this court; the only appeal pending here being that prosecuted by said Road Improvement District No. 2. This is really immaterial, however, for we are of opinion that W. V. Tompkins, as secretary of said Road Improvement District No. 1, was without power to appeal from the order of the county court. The right of appeal existed either in the board itself or in the taxpayers of the district.

It is insisted by appellant that it was mandatory upon the county court, under the provisions of section 22, act 130, Acts of the General Assembly of 1919, to terminate Road Improvement District No. 1 when the commissioners of said Road Improvement District No. 2 filed a statement with the county court in accordance with the requirements of section 22 of said act No. 130. We can not agree with this contention. The word "authorize," as used in this section, was clearly directory, because the section itself provided that, in the event the county court did not enter an order terminating the existence of said

Road Improvement District No. 1, then its existence and the proceedings by its commissioners and assessors should in no wise be affected by the act. The power vested in the county court under the act was a sound discretionary power.

It is next insisted that the circuit court erred in dismissing the appeals from the judgment of the county court refusing to terminate the district without a hearing upon the merits. As stated heretofore, the appeal by W. V. Tompkins, as secretary for said Road Improvement District No. 1, was properly dismissed, because the authority to appeal was in the board, and not its secretary. In addition, as we understand the record, no appeal has been prosecuted to this court by W. V. Tompkins, as secretary of the Board of Road Improvement District No. 1, from the judgment of the circuit court. According to the record, appellant is also in error in suggesting that the appeal of Road Improvement District No. 2, from the county court, was dismissed by the circuit court. On the contrary, the circuit court overruled the motion to dismiss the appeal of said Road Improvement District No. 2 and heard the case upon the merits, and rendered a judgment thereon, refusing to terminate said Road Improvement District No. 1. Nothing appears in the record to justify us in finding that the court abused its discretion in the rendition of the judgment.

No error appearing, the judgment is affirmed.