STEELE v. BUCHANAN.

Opinion delivered June 6, 1921.

HIGHWAYS—INJUNCTION AGAINST COLLECTION OF ASSESSMENTS.—In a suit to enjoin the collection of assessments for the preliminary expenses of a road improvement district created by Road Laws 1919, vol. 1, p. 530, it was error to grant a writ of injunction and to order the return to the taxpayers of an assessment levied to pay the preliminary expenses of certain sections of the district, which were not built, in view of section 27 of above act providing that, if for any reason the improvements therein authorized shall not be made, all expenses shall be charged against the real property of the district, and the amount necessary to discharge all such indebtedness shall be assessed and apportioned and paid in the manner therein provided.

Appeal from Nevada Chancery Court; *James D. Shaver,* Chancellor; reversed.

*H. B. McKenzie,* for appellants.

All lands in sections 1 and 3 should bear all the necessary and legitimate preliminary expenses, and the court should have ordered the return of the taxes paid by the landowners. 50 Ark. 116. A law directly in conflict wtih a later act is repealed by the latter act. Act 130, Acts 1919, is in conflict with the later act and is repealed.

*J. O. A. Bush,* for appellees.

There is no error in the decree, as road district No. 2 had no right to collect a tax on territory included in district No. 1.

SMITH, J.   In 1918 Road Improvement District No. 1 of Nevada County was organized under the provisions of act 338, of the Acts of 1915, page 1400, which act was carried into Crawford & Moses' Digest as § 5399 *et seq.*

At the 1919 session of the General Assembly, act No. 130 (Special Road Acts, vol. 1, p. 330) was passed creating Road Improvement District No. 2 of Nevada County. The territory embraced in the act of 1919 was divided into five sections, each of which, for all practical purposes, was a separate road district.   Sections 1 and 3 of district No. 2 overlap and include all of the territory of district No. 1.   The proposed roads in district No. 1 and in sections 1 and 3 of district No. 2 have the same termini and follow the same route, with the exception of four or five miles of section 1 of district No. 2 between the village of Boughton and the city of Prescott and the lateral running from the village of Emmett southeastwardly to the village of Antioch.   There are approximately 22,000 acres in district No. 1 and about 80,000 acres in sections 1 and 3 of district No. 2.

This act 130 of the Acts of 1919 is very similar to, and in may respects identical with, a number of other special road acts passed at the 1919 session of the General Assembly.   A study of its provisions would appear to indicate that legislative sanction and authority had been given to construct the improvements committed to each of the five subdistricts or sections of Road Improvement District No. 2.   But there appears in the act a section numbered 22, which reads as follows:

"Section 22.   If the commissioners and the county court find that it is feasible, practicable, and desirable to construct sections 1 and 3 of the roads, as provided for in this act, and shall file the plans therefor with the county clerk, as provided in this act, or shall make the assessment of benefits in said sections 1 and 3, and said as-

sessment of benefits in each of these sections shall be sufficient to complete the improvement in each, and this act and the said assessment of benefits shall not be held invalid, and the commissioners are ready to let the contract for the construction of the improvements in each of sections 1 and 3, they shall file a statement to this effect with the county court, and the county court is thereupon authorized to enter an order terminating the existence of Road Improvement District Number 1 of Nevada County. Appeals from such order shall be taken within thirty days after its entry, and not thereafter. If the county court does not enter an order terminating the existence of said Road Improvement District Number 1, as herein provided, then its existence and the proceeedings of its commissioners and assessors shall not be affected by this act, but they may proceed to make the improvements in their district, under the provisions of the law under which said Road Improvement District No. 1 was created.

"It was found and hereby declared that the surveys, plans and other expenses incurred by said Road Improvement District Number 1 produced results that will inure to the benefit of sections 1 and 3 of the respective roads and the respective territory set forth in this act, and in the event the existence of Road Improvement District Number 1 shall be terminated, as herein provided, the said sections 1 and 3, created under this act, shall assume and pay each one-half of such expenses and other indebtedness.''

This section is somewhat ambiguous, and the difference of opinion as to its meaning resulted in the litigation which was terminated January 17, 1921, by the decision of this court in the case of *Pittman* v. *Road Improvement District No. 1,* 147 Ark. 87.

It was insisted by the commissioners of district No. 2 that it was mandatory upon the county court, under the provisions of section 22 of the act of 1919, to terminate Road Improvement District Number 1 when the commissioners of said district No. 2 filed a statement with the

county court in accordance with the requirement of section 22 of said act 130. We held against that contention, and expressed the opinion that the word "authorize" as there used was directory because the section itself provided that, in the event the county court did not enter an order terminating the existence of said Road Improvement District Number 1, then its existence and the proceedings by its commissioners and assessors should in no wise be affected by the act.

In other words, our holding was that the county court was vested with a discretion to determine whether Road District Number 1 should be allowed to proceed with the construction of the improvement which it was organized to construct. The county court upheld district No. 1, and we affirmed the judgment of the circuit court on the appeal from the judgment of that court, which had affirmed the judgment of the county court, in the case of *Pittman* v. *Road Imp. Dist., supra.*

It appears that the General Assembly in its wisdom so provided that the judgment and decision of the county court as to whether district No. 1 should be terminated, or should be continued, was not to be invoked until certain preliminary expenses had been incurred by district No. 2. In fact, portions of these expenses were to be incurred in acquiring the information upon which the county court would act, in part, in making up and rendering its judgment.

The commissioners of district No. 2, pursuant to the authority conferred by law, proceeded to assess—and did assess—the betterments against the lands in sections 1 and 3 of district No. 2 to result from the improvement of the roads lying therein. In other words, district No. 2 was authorized to proceed, and did proceed, just as if district No. 1 was not existent until the period of time had arrived when the judgment of the county court was to be invoked as to the termination of district No. 1. As to the wisdom of that course, we are not concerned, as the manner of procedure was within the control of the Legislature. Betterments were assessed and extended

on the tax books as provided by act 130. Thereupon certain citizens and taxpayers who owned land in district No. 1 and in sections 1 and 3 of district No. 2 brought this suit agaist the commissioners of the district and the collector of the county to enjoin the collection of any assessment of benefits against the lands in district No. 1 on account of the preliminary expenses incurred by sections 1 and 3 of district No. 2. The court held that such assessments were unauthorized and illegal, and that they should be canceled and set aside and the collection thereof be enjoined and restrained. The court further ordered that certain taxes which had been paid be returned to the landowners who had paid them.

We think the court below erred in its action. It was within the contemplation of the Legislature that the improvement authorized by act 130 might never be constructed, and section 27 of that act provided against that contingency. It reads as follows:

"Section 27. If for any reason the improvements herein authorized and directed shall not be made, all expenses and costs accrued to that time shall be charged against the real property of the district, and the amount necessary to discharge all such indebtedness shall be assessed and proportioned and paid in the manner herein provided. The commissioners shall have the right to pay such reasonable expenses as may have been incurred in preparing this act and securing the information therefor."

We do not have before us the items properly chargeable against the lands in sections 1 and 3 of district No. 2 under the authority of this section 27.

The betterments were assessed against the lands in sections 1 and 3 of district No. 2, and those assessments became final and would be now collected in the manner provided by act 130 but for the action of the county court in refusing to terminate district No. 1.

Preliminary expenses were incurred by authority of law and for the prospective benefit of all the lands in 130 directs that these expenses be paid, and that they

be "paid in the manner herein provided"—that is, that they be paid just as the cost of the improvement would have been paid, had it been constructed.

It follows, therefore, that all the lands in sections 1 and 3 should bear all the necessary and legitimate preliminary expenses of those sections, and these preliminary expenses should be borne in the same proportion as the cost of the proposed improvements would have been borne, and the court should not have ordered the return of the taxes paid by the landowners.

The decree of the court below is therefore reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

SMITH, J. (on rehearing). Appellees have filed a petition for rehearing and for a modification of the opinion.

It is insisted that the levy of any tax in sections 1 and 3 was premature, and therefore unauthorized. This question was considered on the original submission, and we adhere to the view that sections 1 and 3 had the authority to collect a sufficient tax to pay the preliminary expenses incurred by those sections.

We are also asked to modify the opinion so as to relieve the property owners in sections 1 and 3 from any liability except their proportional part of the preliminary expenses. The insistence is that the act of 1919 divided the territory of district No. 2 into five sections, and that the preliminary expenses were incurred in the name of, and for the benefit of, all these five sections or districts, and that these expenses should be apportioned among all these districts, and it is asserted that the effect of the opinion herein is to hold sections 1 and 3 liable for expenses which inured to the benefit of all five sections.

No such result was intended by us. We do not undertake to say what items are properly chargeable as preliminary expenses against any of these sections, as that feature of the case was not fully developed or passed upon by the court below. Nor have we undertaken to apportion these expenses.

It is said there are certain general expenses which inured to the benefit of all five sections of district No. 2, and that certain other expenses were incurred for the separate benefit of particular sections of district No. 2. Of course, those expenses which were for the common benefit of all five sections of district No. 2 should be borne by all of them and should be paid just as the cost of the improvement would have been paid had it been constructed as is provided in section 20 of the act. Special expenses for the special benefit of particular sections should be borne and paid by that section, just as the cost of the improvement local to that section would have been paid had it been constructed.

These equities must be worked out on the remand of the cause.