STEELE *v.* BUCHANAN.

Opinion delivered January 15, 1923.

HIGHWAYS—DISALLOWANCE OF CLAIMS AGAINST DISTRICT—RIGHT OF COMMISSIONERS TO APPEAL.—In a suit for an accounting as to claims for preliminary expenses of a road district on filing a master's report in the county court, the commissioners of the district have no right of appeal as to claims disallowed by the court, as they are not aggrieved by the allowance thereof, nor is the challenge to their good faith in approving the claims sufficient to give them a right of appeal.

Appeal from Nevada Chancery Court; *James D. Shaver,* Chancellor; appeal dismissed.

*H. B. McKenzie,* for appellants.

*Bush & Bush,* for appellees.

McCULLOCH, C. J. The present litigation is a continuation of the controversy between Road Improvement District No. 2 of Nevada County, which was created by a statute enacted by the General Assembly of 1919 (Special Road Acts 1919, vol. 1, p. 330), and certain owners of real property in the district. This district was divided into five sections, equivalent to as many separate districts, and sections 1 and 3 overlapped and embraced the territory of Road Improvement District No. 1 of Nevada County, organized under the general statute. Crawford & Moses' Digest, § 5399 *et seq.*

The statute creating District No. 2 provided that, upon the formation of plans, and the assessment of benefits, if it should be found that the assessment would be sufficient to complete the improvement in sections 1 and 3, the county court was authorized to enter an order terminating Road Improvement District No. 1.

Plans were made, benefits were assessed, and the assessments were partially collected and preliminary expenses incurred, but the county court refused, on the petition of the commissioners of District No. 2, to terminate District No. 1, and on appeal to this court from the circuit court of Nevada County we affirmed that de-

cision. *Pittman* v. *Road Improvement Dist. No. 1*, 147 Ark. 87.

Another action was brought by owners of property to restrain the commissioners of District No. 2 from collecting further assessments in sections 1 and 3 of that district, and to compel the refunding of assessments already collected. We reversed the decision of the chancery court granting the relief prayed for in that case. We held that the lands were liable for preliminary expenses (not deciding what amount of expenses there was) and remanded the cause for a decree to be entered in accordance with the opinion of this court. *Steele* v. *Buchanan*, 149 Ark. 91.

On the remand of the last cited case it was consolidated with still another suit in chancery, brought by property owners, and the consolidated suits proceeded as one for an accounting as to the claims for preliminary expenses. A master was appointed, without objection, and a report was filed. There were exceptions to the various items of the report, and the court allowed some of the claims and disallowed others. The commissioners of the district have appealed as to the disallowed claims.

It does not appear from the record that any of the claimants of the disallowed claims were ever formally made parties, or that they appeared in the action as claimants. None of them have appealed.

The point is made by counsel for appellees that the appeal should be dismissed, for the reason that the disallowance of certain claims—which is the only issue sought to be presented by the appeal—constituted a decision in favor of the district from which neither the district nor its commissioners can appeal.

We think that the point is well taken. No theory is perceivable upon which the district or the commissioners can be treated as being aggrieved at a decision disallowing a claim, for the decision is in favor of the district, not against it.

It is earnestly insisted by counsel for appellants that the decision of the chancery court challenges the good faith and propriety of the acts of the commissioners in approving claims, and that this gives them the right to appeal. In this view of the case only a moral question is involved, at most—no property or contractual rights being involved—and the commissioners are not aggrieved in any legal sense.

It follows therefore that the appeal must be dismissed, and it is so ordered.