The Honorable H. Lacy Landers State Representative State Capitol Little Rock, Arkansas 72201
Dear Representative Landers:
This is in response to your request for an opinion concerning section 17 of Act 918 of 1989. Act 918 is the appropriation act for the Department of Human Services ("DHS") Administration Division. You note that this act in section 17 provides for hazaradous duty pay for DHS employees who work with patients committed to the forensic service of DHS. You have posed two questions concerning these facts which are as follows:
 1. Is the payment of hazardous duty pay under Section 17 mandatory or discretionary with the Department?
 2. Are those employees working with patients committed to the forensic service for less than a full pay period eligible for hazardous duty pay for the fractional part of the pay period?
It is my opinion that the payment of "hazardous duty pay" by DHS is discretionary with the department, and that employees working less than a full pay period are to be compensated on a pro rata basis.
These conclusions are based upon the language of section 17 of Act 918, which states in pertinent part:
 The Department of Human Services is hereby authorized to provide special compensation to certain employees for each full pay period (80 hours) worked with patients committed to the Department's forensic service by the Circuit Courts. . . .
 Rate of pay will be one step above regular authorized Grade and Step or one step above authorized shift differential if applicable. Payment will be controlled through personnel actions by Administrative Services, Personnel Section. Rate of pay for individuals who work less than a full pay period (80 hours) and/or transfer to other work areas not defined above will be compensated on a pro rata basis. [Emphasis added.]
As can be seen from the language above, DHS is "authorized" to provide hazardous duty pay. The use of the word "authorized" has been held to be "simply permissive," "directory" and "discretionary." Arkansas Memphis Ry. Bridge Terminal Co. v.State, 174 Ark. 420, 295 S.W. 378 (1927) and Pittman v. RoadImprovement District No. 1 of Nevada County, 147 Ark. 87,227 S.W. 4 (1921).
Additionally, employees who work less than a full pay period are to be compensated on a "pro rata" basis. This language contemplates payment for a fractional part of a pay period.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb